```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :     14Cr0118-6 (DLC)
                                         :
             -v-                         :     MEMORANDUM OPINION
                                         :          AND ORDER
COREY HOLCOMBE,                          :
                                         :
                      Defendant.         :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On July 10, 2015, Corey Holcombe ("Holcombe") was sentenced principally to a term of imprisonment of 84 months after pleading guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Presentence Report calculated Holcombe's sentencing guidelines range as 151 to 188 months' imprisonment, reflecting an offense level of 29 and a Criminal History Category of VI. Holcombe did not appeal his conviction.

In a motion pursuant to 18 U.S.C. § 3582(c)(2) dated October 27, 2016, Holcombe seeks a minor role adjustment and sentence reduction, arguing that he is entitled to receive the benefit of Amendment 794 to the Sentencing Guidelines, U.S.S.G. App. C. Amend. 794 (effective November 1, 2015), which the Ninth Circuit has applied retroactively in the context of a direct

appeal.  See United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016).

For the reasons explained in United States v. Morales-Perez, No. 11cr00881-01 (DLC), 2016 WL 6426394 (S.D.N.Y. Oct. 27, 2016), the motion is denied.  The Guidelines Manual lists the amendments that the Sentencing Commission has decided shall be applied retroactively, and Amendment 794 is not listed.  U.S.S.G. § 1b1.10(d).  Therefore, the Court has no authority to reduce Perez' sentence under § 3582(c)(2).  Further, Quintero-Levya addressed Amendment 794 in the context of a direct appeal, and is therefore inapposite to a case not on direct appeal.  See Morales-Perez, 2016 WL 6426394, at *2.  Accordingly, it is hereby

ORDERED that Holcombe's October 27 motion for a sentencing reduction pursuant to Amendment 794 and § 3582(c)(2) is denied.

IT IS FURTHER ORDERED that Holcombe has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:    New York, New York
          December 19, 2016

                                   _____
                                          DENISE COTE
                                   United States District Judge